NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2005-31, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-31, | Civ. No. 14-4432 **OPINION** |
| Plaintiff, | |
| v. | |
| SANG JIK LEE, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

 This matter is before the Court upon Plaintiff The Bank of New York Mellon's ("Plaintiff") Motion to Remand the case to the Superior Court of New Jersey, Chancery Division, Monmouth County.  (ECF No. 27).  Plaintiff has also requested fees and expenses pursuant to 28 U.S.C. § 1447(c).  (*Id.*).  Defendant Sang Jik Lee ("Defendant") opposes.  (ECF No. 29).  The Court has decided this Motion based on the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons stated herein, Plaintiff's Motion to Remand will be denied, and its request for fees and expenses will also be denied.

1

BACKGROUND

This case involves a foreclosure action by Plaintiff The Bank of New York Mellon against Defendant Sang Jik Lee.  Plaintiff's allegations are as follows: on November 18, 2005, Defendant purchased a home located at 3579 Shafto Road, Tinton Falls Borough, New Jersey. To make this purchase, Defendant took out a home loan.  Defendant executed a note in favor of Countrywide Home Loans, Inc., in the amount of $519,000.00, and the note was secured by a mortgage on the property.  The note and mortgage were subsequently transferred to Plaintiff.

Defendant defaulted on the loan on April 1, 2011.  Since then, Defendant has not made any payments on the mortgage, and has also neglected to make certain real estate tax payments he was obligated to make.  Plaintiff paid the real estate tax payments due by Defendant and has not been reimbursed by Defendant.  As a result of Defendant's failure to pay the mortgage and tax payments, Plaintiff commenced a foreclosure action in state court on June 5, 2014.  The action was against Defendant Sang Jik Lee and other creditors of Defendant who presumably might assert a claim on the property.  Plaintiff sought the unpaid principal sum due on the note and mortgage, as well as all unpaid interest, costs, and attorneys' fees.  Plaintiff also sought to foreclose on and sell the property to settle Defendant's debt.

Defendant removed the case to federal court on July 14, 2014, on the basis of diversity jurisdiction.  However, Defendant then failed to respond to the complaint.  Plaintiff requested an entry of default, and default was entered on October 16, 2014.  On February 17, 2015, this Court filed a notice of call for dismissal pursuant to Rule 41.1(a), for lack of prosecution.  Plaintiff then filed a motion for judgment on the pleadings on February 25, 2015.  Defendant opposed the motion for judgment on the pleadings and moved to vacate the default, on the grounds that his

2

delay in responding to the complaint was due to the time it took him to procure the financial resources necessary to retain counsel.

On May 5, 2015, this Court denied Plaintiff's motion for judgment on the pleadings and granted Defendant's motion to vacate the default.  Defendant then filed an answer to the complaint as well as a counterclaim on July 15, 2015.  Plaintiff answered the counterclaim on July 24, 2015.  On January 22, 2016, Plaintiff filed its Motion to Remand the case to state court. This Motion is presently before the court.

DISCUSSION

A.  Legal Standard

A defendant may remove a civil action filed in state court to the federal court where the action might originally have been brought.  28 U.S.C. §§ 1441(a), (b).  The federal court to which the action is removed must have original subject matter jurisdiction.  28 U.S.C. § 1441(b). Federal district courts have subject matter jurisdiction over civil actions that involve a federal question or diversity of citizenship.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction exists when the action arises between citizens of different states, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Federal-question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court.  28 U.S.C. § 1447(c).  However, a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the notice of removal is filed.  *Id.*  The party who removed the case bears the burden of establishing federal jurisdiction.  *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

B. Analysis

Plaintiff makes three arguments in support of its Motion to Remand.  First, Plaintiff argues that removal of the case was barred by the forum-defendant rule.  Second, Plaintiff argues that removal of the case was barred by the rule of unanimity.  Third, Plaintiff argues that the Court lacks subject matter jurisdiction.  Plaintiff asserts that the Court lacks diversity jurisdiction because the case does not satisfy the amount in controversy requirement.[1]  The Court will address each argument in turn.

First, Plaintiff argues that Defendant violated the forum-defendant rule.  Under 28 U.S.C. § 1441(a), a defendant may remove a case from state court to federal court if the federal court would have had original jurisdiction over the case.  Where the federal court's original jurisdiction is based on diversity, Section 1441(b) imposes an additional condition known as the "forum-defendant rule."  The relevant statute provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section § 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).  This rule does not address whether the parties are diverse, but provides an additional requirement in diversity cases based on the purpose of federal diversity jurisdiction.  The purpose of federal diversity jurisdiction is to avoid possible prejudice to an out-of-state defendant.  *See Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 189 (3d Cir. 2008).  The forum defendant rule "recognizes that the rationale for diversity jurisdiction no longer exists when one of the defendants is a citizen of the forum state since the likelihood of local bias is reduced, if not

---

[1] Plaintiff also argues that the Court does not have federal-question jurisdiction.  Because Defendant does not claim that the Court has federal-question jurisdiction, the Court need not address this question.

eliminated." *Hokanson v. Kerr Corp.,* No. 13-4534, 2014 WL 936804, at *2 (D.N.J. Mar. 10, 2014).  Because the forum-defendant rule does not address whether the parties are diverse, the Third Circuit has ruled that removal that violates this rule is not a jurisdictional defect, and thus must be the subject of a motion to remand within 30 days after the notice of removal is filed.  *See Korea Exch. Bank, New York Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3d Cir. 1995); *see also In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 450 (3d Cir. 2000); *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 90 n.3 (3d Cir. 1999).

Defendant filed the notice of removal in this case on July 14, 2014, on the basis of diversity jurisdiction.  Because the suit was premised on diversity jurisdiction, Defendant was obligated to comply with the forum-defendant rule.  Plaintiff alleges in its Motion that Defendant did not comply with this rule.  However, Plaintiff filed its Motion to Remand based on this alleged violation on January 22, 2016, approximately 557 days after the initial date of removal.  Because noncompliance with the forum-defendant rule is not a jurisdictional defect, Plaintiff should have raised this argument within 30 days of the filing of Defendant's notice of removal.  Although some delay in the case can be explained by Defendant's initial failure to file an answer to the complaint, there is no reason why Plaintiff could not have filed its Motion to Remand at this time.  Rather than file said Motion, Plaintiff elected to participate in the federal court proceedings, even filing dispositive motions.  Plaintiff waited over a year and half to make the forum-defendant argument, far exceeding the 30-day deadline.  Given these circumstances, the Court finds that Plaintiff waived the argument, and the Court will not remand the case on this basis.

Second, Plaintiff argues that Defendant violated the rule of unanimity.  Pursuant to the removal statute, Section 1446(a), defendants who desire to remove a case are required to file a

notice of removal.  *Balazik v. Cty. of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995) (citing 28 U.S.C.

§ 1446(a)).  It is well established that all defendants must consent to the removal, and that "the

failure of all defendants to remove creates a defect in removal procedure within the meaning of

§ 1447(c)."  *Id.*; *see also Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has

been construed to require that when there is more than one defendant, all must join in the

removal petition.").  This is known as the "rule of unanimity."  This Court has ruled that failure

to comply with the rule of unanimity constitutes a procedural defect, not a jurisdictional one.  *See*

*Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401 (D.N.J. 2015), *reconsid. denied,*

No. 14-8058, 2015 WL 4111897 (D.N.J. July 7, 2015); *Zelma v. Toyota Fin. Servs. Americas*

*Corp.*, No. 13-2698, 2013 WL 6858965, at \*4 (D.N.J. Dec. 23, 2013).  Therefore, in accordance

with Section 1447(c), a motion to remand based on a violation of the rule of unanimity must be

made within 30 days of the filing of the notice of removal.  *Id.*

Plaintiff alleges that Defendant violated the rule of unanimity by failing to receive the

consent of the other defendants to remove the case.  However, as discussed above, Plaintiff

makes this argument in a Motion to Remand filed approximately 557 days after the initial date of

removal.  Because noncompliance with the rule of unanimity is not a jurisdictional defect,

Plaintiff should have raised this argument within 30 days of the filing of Defendant's notice of

removal.  By waiting over a year and half to file its Motion to Remand, Plaintiff waived this

argument.  The Court will therefore not remand the case on this basis.

Third, Plaintiff argues that the Court lacks subject matter jurisdiction over this case.

Unlike the defects discussed above, Plaintiff's delay in filing its Motion for Remand does not

prevent the Court from reviewing subject matter jurisdiction, as this alleged defect may be

reviewed at any time.  *See* 28 U.S.C. § 1447(c).  Defendant filed its notice of removal on the

basis of diversity jurisdiction.  Plaintiff argues that the Court lacks diversity jurisdiction because Defendant cannot satisfy the amount in controversy requirement.  Plaintiff claims that Defendant cannot satisfy the requirement because this foreclosure action is an in rem proceeding regarding the subject property, not an in personam action against Defendant for damages.

The Court does not find this argument persuasive.  To justify a motion for remand based on a deficient amount in controversy, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount."  *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 347 (D.N.J. 2010) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Frederico*, 507 F.3d at 195; *Samuel–Bassett v. KIA Motors America, Inc.,* 357 F.3d 392, 397-98 (3d Cir. 2004).  Here, if the suit is successful, a recovery of more than $75,000 seems not just possible, but probable.  As Plaintiff notes, in its initial complaint, Plaintiff sought the foreclosure of the property.  However, Plaintiff also sought recovery of the unpaid principal sum due on the note and mortgage, as well as all unpaid interest, costs, and attorneys' fees.  According to Plaintiff, Defendant has not made a payment on his mortgage in almost five years.  Given the size of Defendant's mortgage—$519,000—these payments exceed the $75,000 threshold.  According to Plaintiff, Defendant also owes Plaintiff for real estate tax payments.  Under these circumstances, the Court considers the amount in controversy requirement met, and the Court will decline to remand the case on this basis.

In Plaintiff's Reply Brief (ECF No. 30), Plaintiff raises for the first time an argument that the other requirement for diversity jurisdiction, diversity of citizenship, may not be met.  "A moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief."  *See International Raw Materials, Ltd. v. Stauffer Chem. Co.,* 978 F.2d 1318, 1327 n.11 (3d Cir. 1992) (refusing to consider an issue raised for the first

time in a reply brief); *see also Hoxworth v. Blinder, Robinson & Co., Inc.,* 903 F.2d 186, 204-05

n.29 (3d Cir. 1990); *D'Alessandro v. Bugler Tobacco Co.*, No. 05-5051, 2007 WL 130798, at *2

(D.N.J. Jan. 12, 2007). The Court declines to consider Plaintiff's new argument at this point in

the briefing of the current Motion, as Defendant has not had the opportunity to oppose this

assertion. If Plaintiff wishes to pursue this line of argument, Plaintiff should file a new motion to

this effect.

As part of its Motion to Remand, Plaintiff requested fees and expenses pursuant to

Section 1447(c). Section 1447(c) states that "[a]n order remanding the case may require

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

removal." 28 U.S.C. § 1447(c). As the Court will not issue an order remanding the case, the

Court will also deny Plaintiff's request for fees and expenses incurred as a result of removal.

CONCLUSION

For the reasons above, the Court will deny Plaintiff's Motion to Remand, as well as

Plaintiff's request for fees and expenses. A corresponding Order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

8