NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2005-31, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-31, <br><br> Plaintiff, <br><br> v. <br><br> SANG JIK LEE, et al., <br><br> Defendants. | Civ. No. 14-4432 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

This matter is before the Court upon Plaintiff The Bank of New York Mellon's ("Plaintiff") second motion to remand the case to the Superior Court of New Jersey, Chancery Division, Monmouth County.  (ECF No. 34).  Plaintiff has also requested fees and expenses pursuant to 28 U.S.C. § 1447(c).  (*Id.*).  Defendant Sang Jik Lee ("Defendant") opposes.  (ECF No. 36).  The Court has decided this motion based on the parties' written submissions and having heard oral argument.  For the reasons stated herein, Plaintiff's motion to remand will be granted, but its request for fees and expenses will be denied.

1

BACKGROUND

This case involves a foreclosure action by Plaintiff The Bank of New York Mellon against Defendant Sang Jik Lee.  Given the extensive proceedings in this matter, the Court will recount here only those facts necessary to the present motion.

Plaintiff's allegations are as follows: on November 18, 2005, Defendant took out a home loan and executed a note in favor of Countrywide Home Loans, Inc., in the amount of $519,000.00.  The note was secured by a mortgage on Defendant's home located at 3579 Shafto Road, Tinton Falls, New Jersey.  Subsequently, in 2011, the note and mortgage were transferred to Plaintiff.

Defendant defaulted on the loan on April 1, 2011.  Since then, Defendant has not made any payments on the mortgage, and has also neglected to make certain real estate tax payments he was obligated to make.  Plaintiff paid the real estate tax payments due by Defendant and has not been reimbursed by Defendant.  As a result of Defendant's failure to pay the mortgage and tax payments, Plaintiff commenced a foreclosure action in state court on June 5, 2014.  The action was against Defendant Sang Jik Lee and other creditors of Defendant who may be able to assert a claim on the property.  These other creditors include the State of New Jersey, Mortgage Electronic Registration Systems, Inc., New Century Financial Services, and Equable Ascent Financial LLC.

Defendant removed the case to federal court on July 14, 2014, on the basis of diversity jurisdiction.  The parties filed motions, set a schedule, and began discovery, which was set to end on January 30, 2016.  But on January 22, 2016, Plaintiff filed a motion to remand the case to state court, despite having litigated the case in federal court for eighteen months.  (ECF No. 26).  The Court denied the motion on February 9, 2016.  (ECF No. 35).  However, Plaintiff had raised

an argument for the first time in its reply brief.  The Court deemed this argument untimely for purposes of the first motion to remand but allowed Plaintiff to raise this argument in a second motion to remand, if it so desired.  (*Id.*).  Plaintiff promptly filed a second motion to remand on February 11, 2016.  (ECF No. 34).  This motion is presently before the court.

DISCUSSION

A.  Legal Standard

A defendant may remove a civil action filed in state court to the federal court where the action might originally have been brought.  28 U.S.C. §§ 1441(a), (b).  The federal court to which the action is removed must have original subject matter jurisdiction.  28 U.S.C. § 1441(b). Federal district courts have subject matter jurisdiction over civil actions that involve a federal question or diversity of citizenship.  28 U.S.C. §§ 1331, 1332.  Federal-question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Diversity jurisdiction exists when the action arises between citizens of different states, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  For there to be complete diversity of citizenship between the parties, each plaintiff must be a citizen of a different state from each defendant.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court.  28 U.S.C. § 1447(c).  The party that removed the case bears the burden of establishing federal jurisdiction.  *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

3

B. Analysis

Defendant removed this case to federal court on the basis of diversity jurisdiction. Plaintiff makes two arguments as to why the case lacks diversity, and thus, must be remanded to state court.  First, Plaintiff argues that one of the parties is a state, which destroys diversity jurisdiction because states have no citizenship.  Second, Plaintiff argues that the parties are not diverse because both Plaintiff and one of the defendants (Mortgage Electronic Registration Systems, Inc.) are citizens of Delaware.[1]

It is well-settled that a state is not a citizen for purposes of establishing diversity of citizenship jurisdiction in federal court.  *See, e.g.*, *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894) ("A state is not a citizen.  And under the judiciary acts of the United States it is well settled that a suit between a state and a citizen or a corporation of another state is not between citizens of different states."); *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973) ("There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction."); *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996).  When a state is a party to a case that was removed on the basis of diversity jurisdiction, the state's presence generally destroys diversity, and the case must be remanded.  *See Postal Tel. Cable Co.*, 155 U.S. 482; *Brown*, 75 F.3d 860.

As Plaintiff notes, one of the defendants in this case is the State of New Jersey.  As a state, New Jersey has no citizenship, and so the presence of this party would ordinarily destroy the Court's diversity jurisdiction.  However, Defendant argues that the Court need not consider New Jersey's citizenship because the state is only a nominal party to the litigation.  When considering citizenship for purposes of diversity jurisdiction, "a federal court must disregard

---

[1] In its motion, Plaintiff also argued that Defendant had not adequately established Plaintiff's citizenship, but this issue was resolved by further briefing and oral argument.

nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the

controversy." *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461 (1980).  Nominal parties are

generally those "without a real interest in the litigation." *Bumberger v. Ins. Co. of N. Am.*, 952

F.2d 764, 767 (3d Cir. 1991); *see also Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359

(3d Cir. 2013).

 The State of New Jersey was made a party to this case based on a judgment it has against

Defendant.  Defendant acknowledges that the State of New Jersey has a judgment against him,

but argues that New Jersey is a nominal party to this case because the debt to New Jersey has

nothing to do with Plaintiff's foreclosure action.  Plaintiff counters that because New Jersey

docketed the judgment in the Superior Court, New Jersey has a lien against Defendant's

property, which must be adjudicated to establish clear title over the property.  Under

longstanding New Jersey statutes, a judgment against a party that is docketed in the Superior

Court automatically establishes a lien against that party's real property.  *New Brunswick Sav.*

*Bank v. Markouski,* 587 A.2d 1265, 1269-70 (N.J. 1991) (referencing N.J. Stat. Ann. §§ 2A:16-1,

17-17); *see also New Century Fin. Servs., Inc. v. Staples*, 879 A.2d 1190, 1193-95 (N.J. Super.

Ct. App. Div. 2005).  Here, Plaintiff established that New Jersey has a judgment against

Defendant that was docketed in the Superior Court.  (*See* Compl. ¶ 12, ECF No. 1-1).  Upon

being docketed in the Superior Court, New Jersey's judgment automatically established a lien

against Defendant's property.

 "[W]hen land is conveyed at a private sale, valid liens that are not satisfied remain valid

and subject to execution by the lien holder." *Four Felds, Inc. v. N. Grove House, LLC*, No. A-

0041-07T2, 2008 WL 4298581, at *2 (N.J. Super. Ct. App. Div. Sept. 23, 2008).  Because New

Jersey has a lien against Defendant's property, New Jersey has an interest in the outcome of the

foreclosure action, and Plaintiff cannot obtain clear title to the property without addressing the lien.  Therefore, New Jersey is not a nominal party to the foreclosure action.  New Jersey's citizenship must be considered for purposes of diversity jurisdiction.  As a state, New Jersey has no citizenship, and consequently, its presence as a party destroys diversity jurisdiction.  The case must therefore be remanded.

Given this finding, the Court need not address Plaintiff's second argument regarding the citizenship of Mortgage Electronic Registration Systems, Inc.  However, the Court will address Plaintiff's request for fees and expenses.  An order remanding a case "may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  The Court has discretion to award attorneys' fees in connection with a remand order where the removing party lacked an "objectively reasonable basis" for seeking removal.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Given the presence of the State of New Jersey as a defendant creditor and the longstanding statutes establishing that docketed judgments automatically establish liens on real property, Defendant should have known that New Jersey was a real party in interest that would destroy diversity jurisdiction.  Consequently, Defendant lacked an objectively reasonable basis for removing the case to federal court.  However, due to Plaintiff's delay in bringing this matter to the Court's attention, the Court will not award fees and expenses.

### CONCLUSION

For the reasons stated herein, Plaintiff's motion to remand will be granted, but its request for fees and expenses will be denied.  A corresponding order follows.

*/s/ Anne E. Thompson*
Anne E. Thompson, U.S.D.J.

**Dated:** March 23, 2016

6